# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD BRENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. CIV 20-008-JHP-SPS |
| | ) |
| CARTER COUNTY | ) |
| SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pro se pretrial detainee who currently is housed at the Elkhart County Corrections Complex in Elkhart, Indiana. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring while he was incarcerated at the Carter County Jail in Ardmore, Oklahoma (Dkt. 1). The defendants are the Carter County Sheriff's Department; Officer M. Johnson; Sgt. Coffee; John Doe #1, unidentified extradition officer; and John Doe #2, unidentified extradition officer.

Plaintiff alleges he was confined in a cell covered in black mold with raw sewage on the floor, and for six days he was forced to sleep on a mat that was saturated with fetid water. These conditions of his confinement allegedly resulted in his having a respiratory infection that currently is being treated with antibiotics. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form,

as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of

action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff is responsible for providing sufficient information for service of process.

Plaintiff has named the Carter County Sheriff's Department as a defendant. However, "[c]ourts routinely dismiss § 1983 claims that name and seek to impose liability directly upon municipal and county police departments because police departments are not separate suable entities." *Harper v. City of Cortez*, No. 14-2984-KLM, 2015 WL 4720311, at *5 (D. Colo. Aug. 10, 2015) (citing cases) (unpublished). Therefore, Defendant Carter County Sheriff's Office is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing he is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*,

4

587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id.* An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

**ACCORDINGLY,** Defendant Carter County Sheriff's Office is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 21st day of January 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma